# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 3, 2010

141694 & (15)

THE TEA PARTY,
        Plaintiff-Appellant,

v

BOARD OF STATE CANVASSERS,
        Defendant-Appellee,

and

TEA PARTY, DAVE ROBERTSON, FRANK
FOSTER, JOHN MOOLENAAR, GENE CLEM,
SHARON LOLLIO, MARIBETH SCHMIDT,
TOM CASTELLO, ROBERT E. MURPHY,
DON ULSH, SCOTT ARNETT, STEPHEN A.
ROSS, DOUG TILL, LOREN D. BEARUP,
SARA GIESMANN, BONNIE (BONITA)
COOMBS, DEBORAH O'HAGAN, MARGARET
M. PHILLIPS and STEVEN B. HAFFNER,
        Intervening Defendants-Appellees.

_____/

SC: 141694
COA: 299805

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway
Alton Thomas Davis,
Justices

       On order of the Court, the motion for immediate consideration is GRANTED. The application for leave to appeal the August 30, 2010 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

       DAVIS, J. (*concurring*).

       I concur in the order denying plaintiff's application for leave to appeal. My vote is dictated by the application of commonsense principles to this situation.

       Plaintiff in this case seeks a writ of mandamus. Mandamus is an extraordinary remedy that is to be used only under the following circumstances: (1) the plaintiff has a clear legal right to the performance of something, (2) the defendant has a clear legal duty to perform that thing, (3) the act is ministerial in nature, and (4) the plaintiff has no other

adequate legal or equitable remedy. *Citizens for Protection of Marriage v Bd of State Canvassers*, 263 Mich App 487, 492 (2004). Therefore, plaintiff in this case must have a clear legal right to the performance of a specific duty that the Board of State Canvassers has a clear legal duty to perform.

In this case the clear legal duty is found in MCL 168.685(2), which states, in relevant part, "An official declaration of the sufficiency or insufficiency of a petition filed under this section shall be made by the board of state canvassers not later than 60 days before the general November election."

Plaintiff therefore does not necessarily have a right to have the petition certified as sufficient, but plaintiff does have a clear legal right to an official declaration from the board one way or another. In this case, because the board deadlocked, the "motion failed." The board did not issue an "official declaration," and thus this Court has no decision from the board to review and the board failed to carry out its duty to plaintiff. Plaintiff does not necessarily have a right to a particular decision, but plaintiff does have a right to receive an official declaration from the board on the sufficiency or insufficiency of the petition. However, as a practical matter, this Court is without a mechanism to enforce any order requiring the board to do its job. The process needs to be corrected, but that is not within the power of this Court. Accordingly, I concur in the order denying leave to appeal.

KELLY, C.J., and HATHAWAY, J., would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 3, 2010

Clerk

p0902